JUDGE WILLIAMS
delivered the opinion op the court:
A part of the Confederate army under General Morgan, •in the latter part of 1863, and whilst the late civil war was still raging, left a horse with Brasher in exchange for another taken from him at the same time.
This horse was traded several times until he came to the possession of the appellant, who traded him to appellee, who immediately took him, with others, to the government corral at Louisville, Kentucky, to be sold to the government, when, upon passing inspection, the inspector discovered that the horse was branded with the “ U. S.,” being the brand of the United States, put on when it becomes the *293 owner of such property, and without the u I. C.,” which is its brand to designate that such property has been inspected and condemned to be sold; and thereupon the inspecting officer seized and took from Thurman the horse; whereupon, he sued Cessna on his implied warranty of title.
The “ U. S.” certainly is prima facie evidence that the horse once belonged to the United States, and required rebutting evidence to show it has since passed to some other owner.
But the possession of the horse by a belligerent force also raises the presumption that it has -been captured by them, strengthened instead of weakened by the absence of the “I. C.;n and if so, then, by the rules of war, they became the owner by the right of capture and actual occupancy; and the government, being thus lawfully deprived of the title, can only acquire it again by re-capture from the enemy or re-purchase.
This principle is recognized in all writers upon the laws of nations, and supported by the strongest reasoning.
The citizen cannot prevent these violent acts of the public enemy if the government fails to protect him from their incursions. When the enemy takes the horses of a citizen and uses them, and the government captures them from the enemy, it sets up a right thereto because the enemy got title by virtue of his incursion and capture in an enemy’s country; it cannot then turn round and assert against its own citizen that no title passed to the enemy by virtue of his capture from it, and thereby deprive him of his title.
The public enemy obtained the government’s title by capture from it. This title passed to the citizen on the coerced exchange by the enemy; and no title being in the *294 goverment, its officer had no legal cause or justification in seizing it more than any other pretended owner; and therefore, his having done so is no evidence that the appellant had not title to the horse when he sold it to the appellee.
These principles are so fully taught by the writers on public and civil wars' as to need no special reference thereto.
The instructions given to the jury do not comport with these principles; therefore, the judgment is l’eversed, and the cause remanded for a new trial and further proceedings in accordance therewith.